**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 28, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DERRICK LEE SWANTZ,

    Defendant - Appellant.

No. 09-1220

(D. Colorado)

(D.C. No. 1:07-CR-00438-WYD-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

---

On October 25, 2007, Derrick Lee Swantz was indicted by a federal grand

in the United States District Court for the District of Colorado on one count of

mail fraud, *see* 18 U.S.C. § 1341, and 27 counts of wire fraud, *see id.* § 1343.

Each count charged Mr. Swantz with knowingly devising "a scheme to defraud

*and* to obtain money . . . by means of materially false and fraudulent pretenses,

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

representations, and promises, and the concealment of material facts," R., Vol. 1 Part 1 at 7 (counts 1–22), 13 (counts 22–28) (emphasis added).

Before trial, Mr. Swantz objected to the inclusion in each count of both (1) a scheme to defraud and (2) a scheme to obtain money by means of materially false and fraudulent pretenses, representations, and promises, and the concealment of material facts. Arguing that these are separate offenses and each count was therefore duplicitous, he moved that the government be required to elect with respect to each count whether to proceed on the scheme to defraud or on the scheme to obtain money by false pretenses. The district court denied the motion, but instructed the jury that it could convict only if it unanimously agreed that Mr. Swantz was involved in a scheme to defraud or unanimously agreed that he was involved in a scheme to obtain money by false pretenses (or both). The jury found Mr. Swantz guilty on all 28 counts.

On appeal Mr. Swantz argues that his conviction should be reversed and his case remanded for a new trial because the counts of the indictment were duplicitous, thereby violating his Sixth Amendment right to a unanimous verdict. We affirm, because the jury instructions cured any possible problem.

We will assume that Mr. Swantz is correct that a scheme to defraud and a scheme to obtain money by false pretenses are two separate offenses. *See United States v. Cronic*, 900 F.2d 1511, 1513 (10th Cir. 1990) (addressing mail fraud, but noting same issue in wire-fraud statute). When two offenses are charged in a

single count, the count is duplicitous, *see United States v. Trammell*, 133 F.3d 1343, 1354 (10th Cir. 1998), and "present[s] a danger that the jury may convict a defendant although not reaching a unanimous agreement on precisely which charge is the basis for the conviction," *United States v. Schneider*, 594 F.3d 1219, 1228 (10th Cir. 2010).

There is, however, a simple cure for duplicity. The court can instruct the jury that it must unanimously agree on one of the alternative charges, thereby safeguarding the defendant's right to a unanimous verdict. *See Trammell*, 133 F.3d at 1354–55 ("One cure for an otherwise duplicitous indictment is to give an augmented instruction requiring unanimity on one or the other of the acts charged within a count that otherwise appear to constitute separate offenses." (internal quotation marks omitted)).

The district court provided such an instruction. It informed the jury:

> In Counts 1 through 22, and in Counts 23 through 28, the government has alleged the defendant's actions constituted: (1) a scheme to defraud, and/or (2) a scheme whereby defendant attempted to obtain money by materially false or fraudulent pretenses, representations, or promises. In order to find the defendant guilty of this offense, you must unanimously find the government has proven beyond a reasonable doubt the defendant pursued either (1) a scheme to defraud, or (2) a scheme whereby defendant attempted to obtain money by means of materially false pretenses, representations, or promises. Furthermore, should you so decide, you must unanimously agree as to whether there was a scheme to defraud, or whether there was a scheme whereby defendant attempted to obtain money by means of false pretenses, representations, or promises. Of course, you may unanimously decide defendant did both or neither.

R., Vol. 1 Part 2 at 240; *see Trammell*, 133 F.3d at 1355 (endorsing essentially the same instruction).  Accordingly, Mr. Swantz's duplicity argument fails.  We need not address the government's argument that the indictment was not duplicitous in the first place.

We AFFIRM the judgment of the district court.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge